UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYCHELLE OF: BURWELL :
:
v. : C.A. No. 21-00264-WES
:
HUDSON HOME MANAGEMENT LLC :
and KIMBERLY TEEVES :

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $402.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED. However, I do take note of the apparent discrepancy between Plaintiff's reported financial situation and her claim that she acquired the waterview home at issue in this litigation by "purchase and sale executed 21 January 2021."

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken

IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's Complaint details her alleged January 21, 2021 "fee-simple" acquisition of property located at 61 Hewett Street in Warwick, Rhode Island, and subsequent battle to restrain a realtor from renovating and listing the property for sale. The online public database for the City of Warwick, Rhode Island Tax Assessor indicates that the property was owned by Elizabeth A Either and/or the Elizabeth A Either Trust until September 30, 2019, when it was acquired by US Bank Trust NA, and has been owned by US Bank Trust NA since that date. Plaintiff is not identified as a prior or current owner of the property.

On the civil cover sheet accompanying her filing, Plaintiff asserts that this Court has federal question subject matter jurisdiction over her Complaint and that her cause of action is brought pursuant to 42 U.S.C. § 1983. However, in the body of Plaintiff's Complaint, she does not plead

any claims under § 1983, and instead purports to plead a violation of her "Constitutional Rights" pursuant to 18 U.S.C. §§ 241 and 242, which she asserts are for "Conspiracy against Rights," "Racketeering" and "Trespass to land with intentional interference with property." She also lists a variety of other purported federal causes of action including "acts of terrorism," treason, insurrection, money laundering and larceny. None of the claimed bases for federal question subject matter jurisdiction in this Court are viable. While the Civil Cover Sheet refers to 42 U.S.C. § 1983, there is no citation to 42 U.S.C. § 1983 in the Complaint. A 1983 claim generally applies only to state actors and must be based on actions taken under color of state law. Plaintiff has not identified any state action and has not named any state actors in her Complaint. There are simply no factual allegations in the Complaint that could possibly state a claim under § 1983. Plaintiff's Complaint appears to allege a simple property ownership dispute which is purely a matter of state law. Accordingly, Plaintiff has not stated any legally viable federal claims under 42 U.S.C. § 1983 or under any of the other federal statutes and theories set forth in her Complaint.

Moreover, her Complaint is entitled "2 Million Dollar Civil Complaint For Violation of the Constitution, Violation 18 USC Sec. 241, and 18 U.S.C Code Sec 242…." Both Sections 241 and 242 of Title 18 of the United States Code are criminal statutes, and her Complaint contains citations to many other sections of the criminal code. Plaintiff's reliance on these statutes is misplaced because criminal statutes do not provide a private right of action. See, e.g., Clinton v. Jones, 520 U.S. 681, 718 (1997) (holding that "criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."); and Sharma v. Trump, No. 2:20-cv-944-TLN-EFB PS, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 2:20-cv-00944-TLN-EFB, 2020 WL 5944189 (E.D. Cal. Oct. 7, 2020) (no private right of action under 18 U.S.C. § 595). Plaintiff is not permitted to bring a civil action under 18 U.S.C. § 241, 18 U.S.C. § 242, or any of the other criminal statutes cited in her Complaint, and any such allegations must be dismissed for failure to state a claim.

**Conclusion**

For the reasons stated, Plaintiff's Motions to Proceed IFP (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) and this case be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 29, 2021